(29 Misc. Rep. 304.)

### WALTON v. RIVERSIDE BANK.

(Supreme Court, Appellate Term.    October 25, 1899.)

BANKS AND BANKING—DEPOSITS—LIABILITY OF BANK.

 Where a check is deposited in a bank in the usual course of business, and is received and credited to the account of the depositor as money, the bank is liable in an action on contract for such indebtedness.

Appeal from city court of New York, general term.

Action brought in the city court by Arthur H. Walton against the Riverside Bank. From a judgment of the general term (58 N. Y. Supp. 1008) affirming a judgment at trial term in favor of plaintiff, and from an order affirming an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Lyman L. Settel, for appellant.

Wallach & Cook, for respondent.

MacLEAN, J. On September 30, 1890, the plaintiff made with the defendant bank a deposit of several items, one of which was a check for $175 drawn upon an "out of town bank." Apparently this check was lost after having been delivered by the defendant bank, which was not a member of the clearing house, to its clearing bank. Of this loss the plaintiff was informed two months later by the president

of the defendant, and told that the amount of the check would be
charged back to him, to which he objected.   It was so charged back.
Six years thereafter, less two days, this action was brought, as is
allowable under the statute.   The plaintiff contended that the de-
posit was made in the ordinary course of business, and that he was
entitled to draw against it.   On the other hand, the defendant con-
tended, and its president testified, that, under the arrangement be-
tween the plaintiff and the bank, no payments were to be made
against checks deposited before they had been collected by the bank,
and that that arrangement applied to checks upon out of town as
well as upon city banks.   Upon this divergence of testimony, the
learned justice at trial term denied a motion to dismiss the com-
plaint, and then, upon the application of defendant's counsel, the
case was sent to the jury upon the question as to what was the
agreement between the parties respecting the deposit of checks.
The jury found that there was no agreement prohibiting the plaintiff
from drawing upon checks deposited, and thereupon judgment was
properly entered, by direction of the court, in favor of the plaintiff.
No tenable objection to any of the rulings of the learned justice upon
the trial appearing, the judgment should be affirmed, with costs to
the respondent.

Judgment affirmed, with costs to the respondent.  All concur.